UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSEPH E. MORROW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17-cv-00582-JMS-MJD |
| | ) |
| RICHARD BROWN Warden, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Joseph Morrow for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 17-10-0090. For the reasons explained in this Entry, Mr. Morrow's habeas petition must be **denied**.

    **A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On October 23, 2017, a Conduct Report was issued charging Mr. Morrow with conspiracy to traffick. The Conduct Report states: "On 10/11/2017, during an interview in the Office of Investigations, Armark worker, M. Willard did admit to giving Offender Morrow, Joseph #912838 approximately nine (9) cell phones, K-2 (green leafy substance) and K-2 spray." Dkt. 7-1 at 1.

Mr. Morrow was notified of the charge when he received the Screening Report. He pled not guilty and requested a lay advocate, Aramark employee M. Willard as a witness, video evidence, and phone records. Mr. Morrow was not provided with the requested witness or video evidence.

A hearing was held on November 14, 2017. Based on Mr. Morrow's statement, staff reports, witness statements, and the case file summary, the hearing officer found Mr. Morrow guilty. The sanctions imposed included the deprivation of one hundred days earned credit time, a credit class demotion, and the imposition of a suspended sanction from another disciplinary action.

Mr. Morrow appealed to Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Morrow raises three claims in his habeas petition: (1) denial of his requested witness; (2) denial of video evidence; and (3) insufficient evidence to support the finding of guilt. The respondent argues that Mr. Morrow failed to exhaust the first two claims making them procedurally defaulted, and that the third claim lacks merits. The Court will address these issues in turn.

### 1. Procedural Default

The respondent argues that Mr. Morrow's denial of witness and evidence claims are procedurally defaulted because he failed to raise these issues in his administrative appeals. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002).

The respondent is correct that in Mr. Morrow's appeal to the Facility Head he only challenged the sufficiency of the evidence and did not raise claims regarding the denial of a witness or evidence. *See* dkt. 7-11 at 1. Mr. Morrow resists this conclusion by arguing that the respondent's evidence shows he appealed the hearing officer's decision to both the Facility Head and the Final Review Authority. While it is true that Mr. Morrow completed both administrative appeals, to exhaust he must raise each claim he wishes to present to this Court in those appeals. *See id.* But he did not do so. Instead, he raised only his sufficiency of the evidence claim discussed below.

The Court also notes that Mr. Morrow submitted with his reply brief what appears to be an appeal to the Facility Head. *See* dkt. 8 at 7. This appeal includes Mr. Morrow's denial of witness and video claims. But there is no evidence that this appeal was properly submitted to the Facility Head, nor appealed to the Final Reviewing Authority. Notably, unlike the Facility Head appeal submitted by the respondent, the one submitted by Mr. Morrow is dated a few weeks later (outside the fifteen-day window to appeal) and, most importantly, is incomplete in that the response section where the Facility Head rules on the appeal is blank. Thus there is no basis to conclude that this appeal was properly submitted at either level of the administrative appeals process.

In sum, Mr. Morrow failed to exhaust his witness or video claims and the time to do so has passed. These claims are therefore procedurally defaulted and cannot form the basis for habeas relief.

## 2. *Sufficiency of the Evidence*

Mr. Morrow challenges the sufficiency of the evidence supporting the hearing officer's finding of guilt. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The IDOC Adult Disciplinary Process defines the relevant offenses as follows. Offense A-111, "Conspiracy/Attempting/Aiding or Abetting," is defined as "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." IDOC Adult Disciplinary Process, at https://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Offense A-113, "Trafficking," is defined as "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.* Finally, Indiana Code § 35-44.1-3-5(b) provides in relevant part: "A person who . . . knowingly or

intentionally . . . delivers, or carries into the penal facility . . . with intent to deliver, an article to an inmate . . . commits trafficking with an inmate."

The Conduct Report alone provides sufficient evidence that Mr. Morrow violated the foregoing provisions. It provides that Armark employee M. Willard admitted to giving Mr. Morrow approximately nine cell phones, K-2, and K-2 spray. *See* dkt. 7-1 at 1. The case file, on which the hearing officer specifically relied, also includes several additional details that demonstrate Mr. Morrow's conspiracy to traffic with M. Willard. For example, it states that M. Willard met with Mr. Morrow's son on approximately three occasions to arrange the delivery of the items in question to Mr. Morrow. *See* dkt. 7-8 at 1. This is sufficient evidence to establish that Mr. Morrow conspired with M. Willard to deliver an article to an inmate in violation of Indiana Code § 35-44.1-3-5(b).

Accordingly, Mr. Morrow's sufficiency of the evidence claim lacks merit, and he is not entitled to habeas relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Morrow to the relief he seeks. Accordingly, Mr. Morrow's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/10/2018

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH E. MORROW
912838
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov